# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 07-425 |
| | ) | Judge Nora Barry Fischer |
| JAMES RAYMOND ZWICK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a filing submitted by *pro se* Defendant James Raymond Zwick on October 25, 2012 titled "Notice of Petition" along with various attachments. (Docket No. [77]). At the outset, the Court notes that the Defendant's present submission is nearly identical to prior submissions that he has made in this case, wherein he has repeatedly claimed that he has not been granted appropriate credit by the Bureau of Prisons for the sentence of imprisonment he is presently serving. (*See* Docket Nos. [74], [75]). The Court denied the relief requested in these submissions in a Memorandum Order dated March 7, 2012, holding that: (1) Defendant's motion was denied to the extent that he proceeded under 28 U.S.C. § 2255 because he was statutorily barred from filing a second or successive § 2255 petition in this Court absent certification from the Court of Appeals; and, (2) Defendant's motion was denied to the extent that he challenged the Bureau of Prisons' calculation of his sentence, given the parallel proceedings he had initiated in the Middle District of Pennsylvania under 28 U.S.C. § 2241. (Docket No. [76]).

The only difference between the instant "Notice" and these prior filings is Defendant's reference to Rule 60(b) in support of his request that his sentence be reduced from 77 months to 65 months. (Docket No. [77]). However, Rule 60(b) may not be invoked in order to avoid the

1

statutory bar on the filing of a second or successive § 2255 petition without first obtaining certification from the Court of Appeals. *See United States v. Andrews*, 463 F. App'x 169, 171-72 (3d Cir. 2012). A Rule 60(b) motion is only available for a defendant to challenge the integrity of the federal habeas proceedings, rather than the underlying conviction. *Id.* Given that the present "motion" is nearly identical to Defendant's prior submissions, (*compare* Docket Nos. [74], [75] *with* Docket No. [77]), and clearly attacks the underlying conviction rather than the integrity of the prior habeas proceedings, the Court finds that Rule 60(b) is not properly invoked. *See Andrews*, 463 F. App'x at 171-72. Accordingly, Defendant's Motion [77] is properly construed as a § 2255 petition and is hereby denied for the same reasons as were set forth by the Court in the March 7, 2012 Memorandum Order.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Date: November 8, 2012

cc/ecf: All counsel of record

cc: James Raymond Zwick, *pro se*
09724-068
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472